# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

CORTEZ MARTELL GREEN,

       Petitioner,

                                      Case No. 18-11206

v.

RANDEE REWERTS,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE, SUMMARILY DISMISSING THE PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Cortez Martell Green, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (Dkt. # 1) and a motion to hold the habeas petition in abeyance. (Dkt. # 3.) For the reasons given below, the court will deny Petitioner's motion and dismiss the habeas petition without prejudice.

## I. BACKGROUND

The petition, motion, and attached exhibit reveal that, in 2016, Petitioner pleaded guilty to: assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; intentional discharge of a firearm in a building, causing injury, Mich. Comp. Laws § 750.234b(3); carrying a concealed weapon, Mich. Comp. Laws § 750.227; and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. On September 2, 2016, the state trial court sentenced Petitioner to prison for six to ten years for the assault conviction, seven to ten years for

the discharge-of-a-firearm conviction, two to five years for the concealed-weapon conviction, and two years for the felony-firearm conviction. (*See* Dkt. # 3, Pg ID 13.) Petitioner appealed his convictions to the Michigan Court of Appeals, arguing that the trial court abused its discretion by denying his motion to withdraw his guilty plea and by imposing excessive court costs at sentencing. The Michigan Court of Appeals denied leave to appeal on May 23, 2017, and Petitioner states that he did not appeal the appellate court's decision to the Michigan Supreme Court.

On October 17, 2017, Petitioner filed a motion for relief from judgment in the state trial court. The motion alleged that the prosecutor withheld exculpatory evidence and that Petitioner's trial and appellate attorneys were ineffective. On January 23, 2018, the trial court denied Petitioner's motion.

On April 16, 2018, Petitioner filed his federal habeas corpus petition and motion to hold his petition in abeyance. The habeas petition raises the two claims that Petitioner raised in the Michigan Court of Appeals on direct appeal. The motion to hold the petition in abeyance seeks a stay of this case while Petitioner continues to exhaust state remedies for the three claims that he raised in his motion for relief from judgment.

## II.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1). (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate

review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a habeas petitioner must fairly present the factual and legal basis for each of his claims in the state court of appeals and in the state supreme court before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

When a habeas petition is a "mixed petition" of exhausted and unexhausted claims, a federal court may stay the federal case and hold the petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

Here, Petitioner admits that he did not exhaust state remedies for his two habeas claims by first presenting those claims in the Michigan Supreme Court. He also acknowledges that his second habeas claim regarding excessive court costs is not cognizable on habeas review. Finally, Petitioner concedes that he has not exhausted state remedies for the three claims that he presented to the state trial court on post-conviction review in his motion for reconsideration. Because none of Petitioner's claims have been raised in both the Michigan Court of Appeals and the Michigan Supreme Court, none of them have been exhausted; the habeas petition is not a "mixed petition" of exhausted and unexhausted claims.

Furthermore, it does not appear that Petitioner is in danger of having a subsequent petition barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed his post-conviction motion a few months after his direct

appeal concluded, and the statute of limitations is tolled while a habeas petitioner's post-conviction motion is under consideration in state court. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).

Accordingly,

IT IS ORDERED that Petitioner's motion to hold his petition in abeyance (Dkt. # 3) is DENIED.

IT IS FURTHER ORDERED that the habeas petition (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED because reasonable jurists would not debate whether the court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS FURTHER ORDERED that leave to appeal this decision *in forma pauperis* is DENIED because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2018, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (810) 292-6522